is 4¢ per page per copy, for a total of $71.60. The $71.60 is allowable. We cannot tell, however, whether the $2.60 per page represents the cost of using separate equipment comparable to that in a print shop, in which case it is recoverable, or is an attempt to amortize some of the costs of the word processing equipment that the staff of the Tax Division uses to write and edit the brief. The meaning of the "composing charge" is especially murky because the Department seeks to recover the same $2.60 per page for the text of the brief and for the appendix, although the latter is nothing but photo-duplication of documents such as the district court's opinions. An identical charge for every page implies that the cost covers setting up a duplicating machine after hard copy has been produced (taxable as costs), rather than a fee for generating that copy on word processing equipment (not taxable, under the approach we take).

We shall defer acting on the bill of costs until receiving clarification from the Department of Justice about the meaning of the "composing charge".

The parties are directed to file supplemental briefs not exceeding fifteen (15) pages in length. The supplemental briefs should not duplicate prior briefs and only new cases should be argued. All briefs should be limited to the points raised in the petition for rehearing en banc. Eighteen copies of the supplemental briefs should be filed, simultaneously on or before January 14, 1991.

This case will be argued on Friday, February 1, 1991 in St. Louis, Missouri pending further direction.

Earsel L. JOHNSON, Appellee,

v.

Bill HAY, Appellant.

No. 90–1517.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1990.

Decided April 15, 1991.

Bennie BREWER, Appellee,

v.

Dave PARKMAN, et al., Appellant.

No. 89–2980.

United States Court of Appeals, Eighth Circuit.

Dec. 28, 1990.

